UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK MAKREAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., et al.,<br><br>Defendants. | Case No.  12-cv-02836-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 38, 41 |

In this action for wrongful foreclosure and related claims, Defendants JP Morgan Chase, Chase Home Finance, and Title Trust Deed Service Company move to dismiss the second amended complaint ("SAC"). For the reasons set forth below, the motions are GRANTED with respect to Makreas' claim for violations of the Fair Debt Collection Practices Act, which is dismissed with prejudice. The remaining claims, all of which arise out of California law, are dismissed without prejudice.[1]

## I.      BACKGROUND

### A.      Makreas' Claims

Plaintiff Nick Makreas brings this action against Defendants JP Morgan Chase, Chase Home Finance, Title Trust Deed Service Company, and Fidelity National Title Insurance Company for claims arising out the initiation of foreclosure proceedings on his home, which is located at 271 Tulare Drive, San Bruno, California ("the property"). SAC, ECF No. 36, Ex. A.[2]

---

[1] Defendant Fidelity National Title Insurance Company moves to dismiss several of the state-law claims in the SAC. ECF Nos. 49, 65. Because these claims are dismissed without prejudice, Fidelity's motion is DENIED AS MOOT.

[2] Per the parties' stipulation, the Court granted Makreas' request for leave to amend the complaint on December 17, 2012. ECF No. 37. The SAC is the operative complaint.

United States District Court
Northern District of California

1   Makreas acquired the property from Donald Shu in March 2002.  Id. ¶¶ 1, 4.  Before

2   Makreas acquired the property, Shu executed a deed of trust in favor of Washington Mutual,

3   which is not a party to this action, in return for a line of credit of $50,000.  Request for Judicial

4   Notice ("RJN"), ECF No. 39, Ex. A.[3]  This deed of trust was recorded against the property.

5   Makreas alleges that Washington Mutual "wrongfully failed" to re-convey the deed of trust after

6   Makreas purchased the property and satisfied Washington Mutual's lien on the property.  Id. ¶¶ 8,

7   38.  Defendant JP Morgan Chase is Washington Mutual's successor under the deed of trust and is

8   "in a first lien position" with respect to the property.  Id.

9   In 2007, Makreas obtained a refinancing loan secured by the property from "World

10   Savings Bank, FSB."  Id. ¶¶ 15-16.  Chicago Title Company, which is now Fidelity National

11   Company, completed this transaction, including escrow.  Id.  When the transaction closed,

12   Makreas believed that World Savings Bank "was in a first lien position" with respect to the

13   property because Chicago Title Company had guaranteed Makreas a clean title.  Id. ¶¶ 18-19.

14   Over the course of 2011, Makreas received at the property numerous letters and notices

15   addressed to Shu from Chase Home Finance and JP Morgan Chase stating that Shu's payments

16   were overdue with respect to the $50,000 secured loan he obtained prior to conveying the property

17   to Makreas and that the property would be foreclosed upon if Shu did not pay the overdue

18   amounts.  Id. ¶¶ 21-68.  Makreas contacted Chase Home Finance and JP Morgan Chase multiple

19   times to obtain information about Shu's loan and to request a validation of the debt owed by Shu,

20   but they did not provide Makreas with any information about the loan because Makreas never

21   submitted a release signed by Shu allowing Makreas to obtain Shu's account information.  Id. ¶¶

22   50, 65.  Makreas made several payments on the debt owed by Shu to try to save the property from

23   foreclosure.  See, e.g., id. ¶¶ 48, 99.

24   On May 17, 2012, Title Trust began foreclosure proceedings with respect to the property

25   by recording a notice of default and by sending to the property notices that the property would be

26

27   _____

28   [3] The Court takes judicial notice of the documents pertaining to the loans that led to the foreclosure at issue in this action, as such documents are referenced in the complaint and no party questions their authenticity.  See Knievel v. ESPN, 393 F.3d 1068, 1088 (9th Cir. 2005).

sold at a trustee's sale.  Id. ¶¶ 72, 74-75, 79.  Though Title Trust later rescinded the notice of default, Makreas claims to have suffered injuries as a result of the initiation of a foreclosure that was caused by Shu's failure to pay a loan that is "fraudulently secured" by the property.  Id. ¶¶ 95, 104.

Makreas brings ten claims against Defendants, only one of which arises out of federal law: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"); (2) wrongful foreclosure; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) violations of California's Business and Professions Code Section 17200; (6) quiet title; (7) cancellation of deed; (8) negligence; (9) declaratory relief; and (10) intentional infliction of emotional distress.

**B.      Jurisdiction**

The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367.[4]

## II.      LEGAL STANDARD

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  When dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.  Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

//

United States District Court
Northern District of California

---

[4] Makreas does not expressly invoke diversity jurisdiction under 28 U.S.C. § 1332.  Even if he had, the allegations in the complaint do not establish that diversity of citizenship exists, as Makreas does not allege the citizenship of the Defendants.  Rather, he alleges only that each of the Defendants does business in California.  SAC ¶¶ 7-11.

United States District Court
Northern District of California

### III.    DISCUSSION

**A.     Makreas Fails to State a Claim Under the FDCPA**

Makreas alleges that JP Morgan Chase, Chase Home Finance, and Title Trust violated the FDCPA by sending to the property numerous debt-collection and foreclosure-related letters addressed to Shu, by failing to validate Shu's debt despite Makreas' repeated requests, and by making the contents of some of the notices they mailed to the property visible to third parties. SAC at 32-34.

The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices."  Heintz v. Jenkins, 514 U.S. 291, 292 (1995) (citation omitted).  To establish a claim under the FDCPA, a plaintiff must show: (1) she is a consumer within the meaning of 15 U.S.C. §§ 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a–1692o.

JP Morgan Chase, Chase Home, and Title Trust move to dismiss this claim on the grounds that Makreas is not a consumer as defined by the FDCPA, Defendants are not debt collectors as defined by the FDCPA, and the foreclosure notices they sent to the property do not constitute debt collection activities as defined by the FDCPA.  ECF Nos. 38, 41.

The Court concludes that Makreas' FDCPA claim fails as a matter of law.

First, Makreas' claim is premised on acts that led to the initiation of foreclosure proceedings with respect to the property; these acts are not actionable under the FDCPA.  The Ninth Circuit has not addressed the question of whether foreclosure-related activities fall within the scope of the FDCPA.  Courts in this circuit, however, routinely hold that foreclosure-related activities do not constitute debt collection activities and therefore are not covered by the FDCPA. See, e.g., Diessner v. Mortg. Elec. Registration Sys., 618 F. Supp. 2d 1184, 1188-89 (D. Ariz. 2009) ("While the Ninth Circuit has not specifically addressed the issue of whether mortgagees and their assignees are 'debt collectors' and whether non-judicial foreclosure actions constitute debt collection under the FDCPA, other courts have addressed the issues.  The Fifth Circuit has

held that mortgagees and their beneficiaries are not debt collectors subject to the FDCPA. The legislative history of the FDCPA also supports the position that mortgagees and their assignees, including mortgage servicing companies, are not debt collectors under the FDCPA when the debts were not in default when taken for servicing . . . . In addition, numerous district courts, including several in the Ninth Circuit, have also held that the activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA") (citations and internal quotation marks omitted); Nera v. Am. Home Mortg. Serv., Inc., No. C-09-2025 RMW, 2009 WL 2423109, at *4 (N.D. Cal. Aug. 5, 2009) (holding that "acts of foreclosing on a property pursuant to a deed of trust are not 'debt collection' within the meaning of the FDCPA"); Jozinovich v. JP Morgan Chase Bank, N.A., No. 09-cv-03326 TEH, 2010 WL 234895, at * 6 (N.D. Cal. Jan. 14, 2010) ("[T]he activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."). Accordingly, Makreas cannot state a claim under the FDCPA for the initiation of the foreclosure proceedings on the property.

Second, Makreas is not a "consumer" as defined by the FDCPA, as the complaint's allegations establish that Shu, and not Makreas, was obligated to pay the debt at issue. See 15 U.S.C. § 1692a ("The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."); see also SAC ¶¶ 22-68 (alleging that debt collection letters that Makreas received were addressed to Shu and that Chase Home Finance and JP Morgan Chase refused to provide to Makreas with any information pertaining to Shu's loan on the ground that Makreas had no obligation under the loan).

Because Makreas' claim under the FDCPA fails as a matter of law, the claim is DISMISSED WITH PREJUDICE.

**B.      The Court Declines to Exercise Supplemental Jurisdiction Over the Remaining Claims**

When a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining claims. See 28 U.S.C. § 1367(c).

Here, the Court has dismissed the only claim over which it has original jurisdiction,

United States District Court
Northern District of California

namely Makreas' claim under the FDCPA.  The Court declines to exercise jurisdiction over the remaining state-law claims.  Such claims are DISMISSED WITHOUT PREJUDICE.

**IV.     CONCLUSION**

The motions to dismiss brought by Chase Home, JP Morgan Chase, and Title Trust are GRANTED with respect to Makreas' FDCPA claim, which is dismissed with prejudice.  The remaining claims are dismissed without prejudice.  Makreas may re-file these claims in state court. The Clerk shall terminate this action.

**IT IS SO ORDERED**.

Dated: June 16, 2013

_____
JON S. TIGAR
United States District Judge